UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| IMAD EL SAYED, ) | CASE NO. 1:14 CV 1718 |
| ) | |
| Petitioner, ) | |
| ) | JUDGE PATRICIA A. GAUGHAN |
| v. ) | |
| ) | |
| IMMIGRATION AND CUSTOMS ) | MEMORANDUM OF OPINION |
| ENFORCEMENT, ) | AND ORDER |
| ) | |
| Respondent. ) | |

On August 6, 2014, Petitioner *pro se* Imad El Sayed, an inmate at the Federal Correctional Institution at Allenwood, Pennsylvania ("FCI Allenwood"), filed the above-captioned *in forma pauperis* habeas corpus action under 28 U.S.C. § 2241. Petitioner asserts he is being illegally held, pursuant to a final order of removal by U.S. Immigration and Customs Enforcement ("ICE"), because over 180 days have passed since the final order of removal was entered. For the reasons stated below, this action is dismissed.

This matter is before the Court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02–5520, 2002 WL 31388736, at *1 (6th Cir. Oct.22, 2002). A court is required to award an application for writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United

States is on the prisoner." *Jones v. Russell*, 396 F.2d 797 (6th Cir.1968); *Gray v. Johnson*, 354 F.2d 986 (6th Cir.1965). *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir.1970), *cert. denied* 400 U.S. 906 (1970). Petitioner has not met his burden.

The Court takes notice of its own records in observing that Petitioner's current detention at Allenwood FCI is the result of an August 27, 2014 order in his criminal case finding he violated the terms and conditions of supervised release, resulting in a sentence of 11 months imprisonment. *See, U.S. V. El Sayed*, N.D. Ohio Case No. 4:10 CR 508, Doc #: 80. It is, therefore, evident he is not being held pursuant to a removal order at this time, and that there is no ground to challenge his confinement based on the period of time since ICE's removal order was entered.

Accordingly, Petitioner's Motion to Proceed *In Forma Pauperis* is granted, the Petition for Writ of Habeas Corpus is denied, and this case is DISMISSED pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this action could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan  
PATRICIA A. GAUGHAN  
UNITED STATES DISTRICT JUDGE

Dated: 1/7/15